UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ADNAN SHIBLY, | ) | Civ. 07-4188-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BOB DOOLEY, Warden, | ) | |
| Mike Durfee State Prison, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Adnan Shibly, filed a pro se habeas petition asserting various grounds for relief under 28 U.S.C. § 2254. Docket 1. On February 13, 2008, Respondent, Bob Dooley, answered Shibly's federal habeas petition contending that the petition contains both exhausted and unexhausted claims and that both claims are meritless. Docket 8. The petition is denied.

## PROCEDURAL BACKGROUND

On February 26, 2004, a Minnehaha County Grand Jury charged Shibly with one count of Aggravated Assault Domestic and two counts of Simple Assault Domestic. Docket 8, Ex. D. Subsequently, a Part II Third Offense Assault Information was filed. *Id.* On June 24, 2004, following a two-day trial, the jury returned a verdict of guilty on all counts. *Id.* Shibly was later sentenced to fifteen years in prison, with five years of the sentence suspended. *Id.* On October 27, 2004, Shibly filed a notice of appeal to the South Dakota Supreme Court, followed by an amended notice of appeal on January 18, 2005, both of which

alleged that there was an insufficient amount of evidence to support, beyond a reasonable doubt, a guilty verdict. Docket 8, Ex. E. On May 31, 2005, the South Dakota Supreme Court affirmed the circuit court's judgment. Docket 8, Ex. G.

Soon after, Shibly filed a writ of habeas corpus in circuit court, alleging ineffective assistance of counsel and cruel and unusual punishment. Docket 8, Ex. H. In response, the circuit court issued a provisional writ of habeas corpus. Docket 8, Ex. J. On June 25, 2007, after holding two evidentiary hearings and considering the record and the arguments of counsel, the circuit court denied Shibly's application for state habeas relief. Docket 8, Ex. P.

Shibly next filed a motion for certificate of probable cause with the circuit court on August 8, 2007. Docket 8, Ex. Q. That same day, the circuit court entered an order denying Shibly's motion. Docket 8, Ex. R. Shibly then filed a motion for certificate of probable cause with the South Dakota Supreme Court (Docket 8, Ex. T), and on September 27, 2007, the South Dakota Supreme Court dismissed the motion for failure to comply with jurisdictional time limits (Docket 8, Ex. W). Consequently, on December 19, 2007, Shibly filed this federal habeas petition alleging ineffective assistance of state habeas counsel and improper denial of the motion for judgment of acquittal. Docket 1.

## DISCUSSION

Generally speaking, an individual under state custody must exhaust any remedies available to him in state court before applying for federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). After such measures are taken, the individual then has the right to proceed with a federal habeas petition. To succeed on a federal

2

habeas petition, an individual typically must show that the adjudication of the claim resulted in a decision that was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

### 1. Ineffective Assistance of Counsel

Shibly first asserts that Attorney Richard Engels' failure to timely file a motion for probable cause with the South Dakota Supreme Court amounts to ineffective assistance of counsel. Docket 1. But Shibly did not raise this issue before a state court prior to seeking federal relief, thereby failing to exhaust available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State"); *see also Rose v. Lundy*, 455 U.S. 509, 520 (1982) ("[B]efore you bring any claims to federal court, be sure that you first have taken each one to state court."). Pursuant to 28 U.S.C. § 2254(2)(b), however, a habeas petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."

In assessing Shibly's ineffective assistance claim, the court finds that the claim does not have merit. Although South Dakota law affords an indigent prisoner the right to effective counsel on state habeas petitions, SDCL 21-27-4, the federal law recognizes no such right in either state or federal habeas

3

proceedings. *See* 28 U.S.C. § 2254(i).[1] Therefore, Shibly's ineffective assistance claim is without merit in federal court, and the claim is denied.

### 2. Improper Denial of Shibly's Motion for Judgment of Acquittal

Shibly's second ground for relief alleges improper denial of his motion for judgment of acquittal, a claim for which Shibly has exhausted available state remedies. Docket 1; *see Weaver v. Bowersox*, 438 F.3d 832, 839 (8th Cir. 2006) (stating that "a decision by a state supreme court that disposes of a claim, even in a conclusory fashion," qualifies as an adjudication on the merits and triggers the right to apply for federal habeas relief); *see also Martin v. Solem*, 801 F.2d 324, 331 (8th Cir. 1986) (noting that it was proper for a district court to consider exhausted claims in a petitioner's mixed petition where "the unexhausted claim did not state a federal constitutional claim cognizable in federal habeas corpus proceedings").

As previously noted, to prevail on his federal habeas petition, Shibly must show that the state court's denial of his motion for judgment of acquittal was clearly contrary to established federal law, or that the decision was unreasonable given the evidence presented in state court proceedings. 28 U.S.C. § 2254(d)(1)–(2). Shibly, however, has failed to allege either circumstance. Rather, Shibly merely states that the denial was improper. Because Shibly

---

[1] *Compare Jackson v. Weber*, 637 N.W.2d 19, 23 (S.D. 2001) (holding that the right to counsel in state habeas proceedings, as mandated by SDCL 21-27-4, implicitly means the right to competent counsel), *with Hagen v. State of Iowa*, 141 Fed. Appx. 496, 497–98 (8th Cir. 2005) (holding that a state statutory right to habeas counsel does not create a [federal] constitutional right to effective assistance of counsel during habeas proceedings).

4

alleges no constitutional violations and offers no evidence to establish that the decision was unreasonable, the court finds that Shibly's second ground for relief is conclusory and unsubstantiated. *See Wiggins v. Lockhart*, 825 F.2d 1237, 1238 (8th Cir. 1987) (holding that a habeas petitioner "must allege sufficient facts to establish a constitutional claim," and that "conclusory allegations will not suffice"). Therefore, Shibly's second claim for relief is denied.

## CONCLUSION

The grounds for relief that Shibly has asserted are not meritorious. First, his ineffective assistance claim fails because there is no federal right to effective assistance of habeas counsel. Second, his claim that the state court improperly denied his motion for judgment of acquittal fails because it is vague and conclusory.

Therefore, it is

ORDERED that Shibly's § 2254 petition is denied. Shibly's ineffective assistance of state habeas counsel claim is dismissed without prejudice and his judgment of acquittal claim is dismissed with prejudice.

Dated July 30, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE